*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* DONAHUE-BEY, Minors.

UNPUBLISHED
November 12, 2020

No. 351058
Oakland Circuit Court
Family Division
LC No. 18-861404-NA

Before: BOONSTRA, P.J., and CAVANAGH and BORRELLO, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating his parental rights to two minor children, ED and JD. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

ED and JD are twin girls, born in 2017. Their mother died later that year; at the time, respondent was not residing with the children's mother, and his paternity of the children was unconfirmed. The children were taken into Department of Health and Human Services (DHHS) custody. Respondent took steps to establish paternity, including a DNA test, and was eventually established as the children's legal father.

In February 2018, DHHS filed a petition for temporary wardship of the children, alleging, relative to respondent, that respondent lacked suitable housing for the children and had not provided proof of residency or a legal source of income. The petition also alleged that respondent and the children's mother had an older child who had been removed from their care and placed in a guardianship with the child's paternal aunt; further, the petition alleged that respondent had demonstrated poor judgment after the children's mother died, by bringing the children to the home of their maternal grandmother, which had previously been found by Children's Protective Services to be unsuitable for children. The petition also stated that respondent had tested positive for marijuana in September 2017.

Respondent waived any challenge to the establishment of probable cause at the preliminary hearing, and the trial court authorized the petition. During the adjudication phase, respondent entered a no-contest plea to the allegations in the petition, and the trial court took jurisdiction over the children. The children were placed in non-relative foster care.

-1-

Over the next year, respondent never provided proof of suitable housing or legal employment, although he told DHHS employees that he was paid "under the table" to work at the boarding house at which he resided and made cash money dealing in scrap metal. Respondent did attend approximately 75% of his parenting time visits. These visits generally went well, but, there were several incidents in which respondent struggled to control the children and the foster care worker was required to intervene; in one of these incidents, one of the children grabbed a hot cup of coffee and was injured. Respondent completed 35 out of 53 drug screens, with 5 positive screens: one for benzodiazepines, one for marijuana, and three for fentanyl.

In April 2019, DHHS filed an amended petition seeking the termination of respondent's parental rights, alleging that respondent had failed to provide proof of suitable housing or legal income, had failed to complete an outpatient substance abuse program despite that being recommended by his substance abuse assessor, had failed to benefit from parenting time or classes, and, at the time, was facing charges for possession of a controlled substance, resisting arrest, driving on a suspended license, and contempt of court.

In July 2019, on the date of the termination hearing, respondent, who was represented by counsel, waived his right to a hearing on statutory grounds for termination, stating that he wanted to enter a no-contest plea to the allegations in the petition. Respondent signed a waiver of rights form, which the trial court went over orally with him at the hearing. After respondent's waiver, the foster care worker testified to establish the factual basis for the plea. The trial court accepted respondent's waiver and plea and found that sufficient statutory grounds for termination existed under MCL 712A.19b(3)(c)(*i*), (*ii*), (g), and (j). The trial court set a date for a best-interest hearing.

In September 2019, on the date of the best interest hearing, respondent, again represented by counsel, stated under oath that he wished to waive his participation in the best-interest hearing and not contest the testimony at the hearing. He again completed a written waiver of rights form, which the trial court reviewed with him. On respondent's waiver form, respondent wrote his initials next to (and thereby indicated his agreement with) each of fifteen separate statements, including statements indicating that he could read, write, and speak English, had consulted with his attorney (in fact, two of the statements refer to respondent's consultation with his attorney, and respondent initialed them both), was not under the influence of drugs or alcohol, and understood that this was not a criminal case, as well as multiple statements indicating his understanding of the best-interest hearing process. Respondent further checked the checkboxes next to the following three statements, printed in bold type on the form, to indicate his agreement with those statements:

**I agree that termination of my parental rights is in the best interests of my child(ren).**

**I do not contest any evidence that may be offered to establish that termination of my parental rights is in the best interest of my child(ren).**

**I waive participation in the best interests hearing.**

Respondent signed and dated the form on a signature block located beneath the statement: "MY LAWYER HAS READ AND EXPLAINED TO ME ALL OF THE INFORMATION ON THIS FORM, AND MY ANSWERS ARE TRUTHFUL." The form was also signed by

respondent's counsel on a signature block located beneath the statement: "I HAVE READ AND EXPLAINED THE FOREGOING TO MY CLIENT."

The trial court accepted respondent's waiver of participation, and, after hearing testimony from the foster care worker and reviewing the report of the psychologist who evaluated respondent, determined that termination of respondent's parental rights was in the children's best interests. This appeal followed. On appeal, respondent challenges only his waiver of participation in the best-interest hearing and the trial court's best-interest determination.

## II. STANDARD OF REVIEW

Respondent failed to challenge the validity of his waiver in the trial court; this issue is therefore unpreserved. See *In re Ferranti*, 504 Mich 1, 29; 934 NW2d 610 (2019). We review unpreserved issues for plain error. *Id*., citing *In re Mitchell*, 485 Mich 922, 922; 733 NW2d 663 (2009). We review de novo as a question of constitutional law whether child protective proceedings complied with a parent's right to due process. *Id*. at 14. We review de novo the interpretation of court rules and statutes. *Id*.

## III. ANALYSIS

Respondent argues that the trial court erred by accepting his waiver of participation in the best-interest hearing, because the trial court failed to advise him of the consequences of that waiver. We disagree. Further, because respondent validly waived his participation in the best-interest hearing, he has waived the right to challenge the trial court's best-interest determination.

Respondent's argument concerning the validity of his waiver is based on *Ferranti* and MCR 3.971, neither of which apply to respondent's case. Respondent argues that the trial court failed to "specifically state that his plea waiver[1] would result in the *permanent* loss of his legal rights to his children and that he would have no right to make decisions about his children and would have no right to see his children." Respondent additionally claims that the trial court failed to advise him of his rights under MCR 3.971(B)(3) and (4). Respondent argues that this alleged failure requires us to find, as our Supreme Court did in *Ferranti*, that his due process rights were violated and that his waiver was invalid. *Ferranti*, 504 Mich at 35. We disagree. *Ferranti* concerned a plea of admission entered at the adjudication phase of the proceedings, a phase in which the question is "whether the trial court can exercise jurisdiction over the child." *Id*. at 15. A respondent has many legal protections during this phase, such as the right to a trial by jury; this is because this "critical" stage "divests the parent of [his] right to parent [his] child and gives the state that authority instead." *Id*. at 15-16 (quotation marks and citations omitted). It is for this reason that the entry of pleas of admission or no-contest to allegations in a petition is regulated by our court rules, including that the respondents be advised specifically of the rights that they are

---

[1] Although respondent continually refers to his waiver of participation in the best-interest hearing as a "plea waiver," respondent did not enter a "plea" at the hearing; rather, respondent signed a document entitled "Concurrence/Waiver of Rights, Best Interests Hearing" which the trial court accepted before proceeding with the hearing without objection from respondent.

giving up and the consequences of their plea, see MCR 3.971; the *Ferranti* court noted that the invalid pleas entered by the respondents in that case "relieved [DHHS] of its burden to prove that the respondents were unfit at a jury trial, with all its due-process protections. . . . These constitutional deprivations affected the very framework within which respondent's case proceeded." *Ferranti*, 504 Mich at 30-31.

MCR 3.971 governs pleas of admission or no contest, and states in relevant parts:[2]

**(A) General.** A respondent may make a plea of admission or of no contest to the original allegations in the petition. The court has discretion to allow a respondent to enter a plea of admission or a plea of no contest to an amended petition. The plea may be taken at any time after the authorization of the petition, provided that the petitioner and the attorney for the child have been notified of a plea offer to an amended petition and have been given the opportunity to object before the plea is accepted.

**(B) Advice of Rights and Possible Disposition.** Before accepting a plea of admission or plea of no contest, the court must advise the respondent on the record or in a writing that is made a part of the file:

(1) of the allegations in the petition;

(2) of the right to an attorney, if respondent is without an attorney;

(3) that, if the court accepts the plea, the respondent will give up the rights to

(a) trial by a judge or trial by a jury,

(b) have the petitioner prove the allegations in the petition by a preponderance of the evidence,

(c) have witnesses against the respondent appear and testify under oath at the trial,

(d) cross-examine witnesses, and

(e) have the court subpoena any witnesses the respondent believes could give testimony in the respondent's favor;

(4) of the consequences of the plea, including that the plea can later be used as evidence in a proceeding to terminate parental rights if the respondent is a parent.

---

[2] MCR 3.971 was amended March 19, 2020; the version quoted here is the version in effect at the time of the best-interest hearing.

**(D) Voluntary, Accurate Plea.**

(1) Voluntary Plea. The court shall not accept a plea of admission or of no contest without satisfying itself that the plea is knowingly, understandingly, and voluntarily made.

(2) Accurate Plea. The court shall not accept a plea of admission or of no contest without establishing support for a finding that one or more of the statutory grounds alleged in the petition are true, preferably by questioning the respondent unless the offer is to plead no contest. If the plea is no contest, the court shall not question the respondent, but, by some other means, shall obtain support for a finding that one or more of the statutory grounds alleged in the petition are true. The court shall state why a plea of no contest is appropriate.

We interpret a court rule by first considering its plain language to ascertain its meaning. See *Henry v Dow Chemical Co*, 484 Mich 483, 495; 772 NW2d 301 (2009). We determine the intent of the rule from an examination of the rule itself and its placement within the court rules as a whole. *Id.* By its plain language, MCR 3.971 refers to pleas of admission or no contest to allegations in original or amended petitions. The waiver form signed by respondent at the best-interest hearing contains no such pleas; indeed, respondent had already entered pleas to allegations in the petition and, as noted, he does not challenge those pleas on appeal. Moreover, the placement of this rule within the court rules as a whole—after the rules governing the removal of children but before the rules governing adjudication trials and the dispositional and post-dispositional phases— suggests that it applies during the adjudicative phase, which is the only phase of the proceedings when the respondent possesses the right to a trial by jury. See *Ferranti*, 504 Mich at 15-16. In short, we see nothing in the language of MCR 3.971 indicating that the requirements of MCR 3.971(B) were intended to apply to a waiver of participation in a best-interest hearing.

Moreover, we are not required by general due process principles to apply the rules governing pleas, or the rationale of *Ferranti*, to a waiver of this type. Although respondent did enter a plea during the adjudicative phase of these proceedings, he does not challenge that plea on appeal; nor does he challenge his plea to the existence of statutory grounds for termination. Rather, his claim of error concerns his waiver of participation in the best-interest hearing. This Court has noted that, once statutory grounds for termination have been found, while "a parent still has an interest in maintaining a relationship with the child, this interest is lessened by the trial court's determination that the parent is unfit to raise the child." *In re Moss*, 301 Mich App 76, 89; 836 NW2d 182 (2013). "[A]t the best-interest stage, the child's interest in a normal family home is superior to any interest the parent has." *Id.* It is for this reason that the *Moss* Court determined that the heightened evidentiary standard employed in earlier phases of child protective proceedings was not required during a best-interest hearing—a parent's right to due process of law is less dominant once he or she has been judged unfit, and the child's interest in a normal family home takes precedence. *Id.* The concerns that animated the *Ferranti* Court are not present here, and a trial court need not treat a waiver of participation in a best-interest hearing as analogous to a plea of admission. Rather, a trial court (or reviewing court) should simply determine whether the waiver was "an intentional relinquishment or abandonment of a known right" considering the due

process interests involved, as it would for any other waiver. See *Ferranti*, 504 Mich at 33, quoting *People v Carines*, 460 Mich 750, 762 n 7; 597 NW2d 130 (1999); see also *In re Contempt of Henry*, 282 Mich App 656, 669; 765 NW2d 44 (2009) ("The concept of due process is flexible, and analysis of what process is due in a particular proceeding depends on the nature of the proceeding, the risks involved, and the private and governmental interests that might be affected.")

As stated, the waiver form completed by respondent required much more than a simple signature. Respondent initialed or checked the box next to several statements that belie his argument on appeal that he was not advised that his rights to his children could be permanently terminated. These statements include, "I understand that the petitioner has established, by clear and convincing evidence, that there is a basis in law to terminate my parental rights to my child(ren)," and "I understand that the court may consider factors including . . . the advantages of a foster home over my home, and my child(ren)'s need for permanency, stability, and finality," and "I agree that termination of my parental rights is in the best interests of my child(ren)." Further, he attested multiple times on the form to consulting with his attorney about the information on the form, and his attorney also affirmed that he had explained the information to respondent. The trial court also affirmed, individually, on the record, that respondent understood every statement on the form. Respondent affirmed orally that he agreed that termination of his parental rights was in the best interests of his children, that he understood the nature of the proceeding in which he was waiving participation, that he was not intoxicated or coerced, and that he had had the opportunity to consult with counsel.

Given the nature of the proceeding, the various competing rights involved, and the steps taken by the trial court to ensure that respondent was intentionally relinquishing a known right, see *Carines*, 460 Mich at 762 n 7, we conclude that the trial court adequately protected respondent's right to due process, and did not err by failing to apply the prerequisites of MCR 3.971 to respondent's waiver. We find no error, plain or otherwise. *Ferranti*, 504 Mich at 29. Further, to the extent respondent argues that, regardless of the validity of his waiver, the trial court erred by determining that termination was in the children's best interests, he has waived appellate review of this issue by validly waiving participation in the hearing, including challenging the evidence presented, and by expressly agreeing that termination of his rights was in his children's best interests. See *People v Head*, 323 Mich App 526, 537; 917 NW2d 752 (2018), citing *People v Carter*, 462 Mich 206, 215-216; 612 NW2d 144 (2000) ("Waiver extinguishes any error, meaning that there is no error to review.").

Affirmed.

/s/ Mark T. Boonstra
/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello